United States District Court
Middle District of Florida
Jacksonville Division

**In Admiralty**

IN RE CHARLES E. COLLIER AND
CHARLES E. COLLIER, JR.,                    NO. 3:20-CV-119-J-39PDB

    *Plaintiffs.*

---

# Order

In this admiralty action under the Limitation of Liability Act, 46 U.S.C. §§ 30501–12, the plaintiffs seek exoneration from, or limitation of, liability to others for damages relating to an August 11, 2019, fire on their vessel, the M/Y C Salt (hull ID number CDRP0033I192).[1] Doc. 1.

The plaintiffs now request an extension of time to comply with the Court's order dated February 20, 2020, Doc. 19, and entry of an order (1) approving security for the vessel under Supplemental Rule F(1), (2) directing issuance of a notice under Supplement Rule F(4) and Local Admiralty Rule 7.01(g), and (3) issuing an injunction under Supplemental Rule F(3), Doc. 20.

The plaintiffs include: a declaration by Kevin Hooks, the owner of a vessel-repair company, opining that the vessel's post-fire value is $1500,[2] Doc. 20-3; an ad interim stipulation for $1500, with interest at six percent a year and Allstate Property and Casualty Company serving as the surety, Doc. 20-1; and a stipulation

---

[1] The plaintiffs filed a separate action seeking possession of the vessel and challenging a lien on the vessel. *See* 3:20-cv-132. The Court granted their motion to approve an ad interim stipulation of $1500 for release of the vessel to them. *See* 3:20-cv-132 (Docs. 1, 20, 27).

[2] The plaintiffs allege there was no pending freight. Doc. 1 ¶ 21.

for costs for $250, with Allstate Property and Casualty Company serving as the surety, Doc. 20-2.

The Limitation of Liability Act gives a vessel owner the right to limit liability for claims of damage or injury from a maritime accident occasioned without the owner's knowledge or privity. 46 U.S.C. § 30505(a), (b). The limit is the value of the vessel and pending freight. 46 U.S.C. § 30505(a).

46 U.S.C. § 30511, Supplemental Rule F, and Local Admiralty Rule 7.06 govern the procedure for actions under the Act. Within six months of receipt of a written claim, a vessel owner may file a complaint for limitation of liability and exoneration in any district in which the vessel has been attached or arrested or, if not attached or arrested, in any district in which the owner has been sued regarding the claim or, if no suit has been commenced, in the district where the vessel is located. 46 U.S.C. § 30511(a); Supplemental Rule F(1), (2), (9).

The complaint must state: (1) "the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited"; (2) "the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination"; (3) "the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff"; (4) "what actions and proceedings, if any, are pending thereon"; (5) "whether the vessel was damaged, lost, or abandoned, and, if so, when and where"; (6) "the value of the vessel at the close of the voyage or, in case of wreck, the value of her wreckage, strippings, or proceeds, if any, and where and in whose possession they are"; and (7) "the amount of any pending freight recovered or recoverable." Supplemental Rule F(2).

The owner must deposit with the court, "for the benefit of the claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight,

or approved security therefor." 46 U.S.C. § 30511(b); Supplemental Rule F(1). The owner must also "give security for costs and, if [it] elects to give security, for interest at the rate of 6 percent per annum from the date of the security." Supplemental Rule F(1). The amount of security for costs is $250, "and it may be combined with the security for value and interest, unless otherwise ordered." Local Admiralty Rule 7.05(e)(3). An ad interim stipulation is deemed a substitute for the vessel and may stand as security for a claim up to the stipulated amount. *Hartford Acc. & Indem. Co. of Hartford v. S. Pac. Co.*, 273 U.S. 207, 218–19 (1927).

Upon compliance with the security requirements, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." Supplemental Rule F(3). "On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action" and "issue a notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice," but not less than 30 days after issuing the notice. Supplemental Rule F(3), (4).

The notice must be published "in such newspaper or newspapers as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims." Supplemental Rule F(4). By the date of the second publication, the plaintiff must also "mail a copy of the notice to every person known to have made any claim against the vessel or the plaintiff arising out of the voyage or trip on which the claims sought to be limited arose." Supplemental Rule F(4). "[A]n approved newspaper shall be a newspaper of general circulation. The newspaper of largest circulation in a county in the Middle District is rebuttably presumed to be a newspaper of general circulation in that same county. For cause shown by a party or on its own motion, the court may require publication in one or more additional publications if necessary to

provide notice reasonably calculated to inform interested parties." Local Admiralty Rule 7.01(g). "Immediately upon commencement of an action to limit liability …, plaintiff shall, without further order of the Court, effect publication." Local Admiralty Rule 7.06(a).

The plaintiffs present good cause for an extension of time. The Court **grants** the motion for an extension of time, Doc. 19, and **deems** timely filed the motion to approve the stipulations and related documents, Docs. 20–20-3 and 21.

The plaintiffs have satisfied the security requirements. The Court therefore **grants** their motion to approve security for the vessel and take other action, Doc. 21, and orders as follows.

1. The ad interim stipulation for the value of the plaintiffs' interest in the vessel for $1500 and interest at six percent a year, Doc. 20-1, and stipulation for costs for $250, Doc. 20-2, are approved as to form and amount, subject to increases or decreases, with adequate security, as the Court may order. Any claimant who becomes a proper party to this action may contest those amounts.

2. If the amount as fixed in the ad interim stipulation is uncontested, that amount will serve as a stipulation for the value of the plaintiffs' interest in the vessel, and an appraisal will not be required.

3. The plaintiffs must: (a) publish the separately entered, "Notice to Claimants" in a newspaper of general circulation in both St. Johns and Flagler Counties once a week for four consecutive weeks before **May 15, 2020**; (b) provide the Court with proof of publication in accordance with Local Rule 7.06(b); and (c) mail a copy of the "Notice to Claimants" to all known claimants by the second date of publication. The plaintiffs' publication of the "Notice to Claimants" in accordance with the rules will stand as if it were issued out of and under the Court's seal.

4. The commencement or further prosecution of any action or proceeding against the plaintiffs or the vessel with respect to any claim subject to limitation in this action—as described in the complaint—is enjoined until the final determination in

this action. This injunction is not intended to affect case No. 3:20-cv-132.

5. The service of this order as a restraining order may be made by mailing or hand-delivering a copy of it to the person to be restrained or to the person's attorney.

**Ordered** in Jacksonville, Florida, on April 13, 2020.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of record