United States District Court
Middle District of Florida
Jacksonville Division

**In Admiralty**

IN RE CHARLES E. COLLIER AND
CHARLES E. COLLIER, JR.,     NO. 3:20-CV-119-J-39PDB

  *Plaintiffs.*

---

**Order**

  In this action under the Limitation of Liability Act, 46 U.S.C. §§ 30501–12, the plaintiffs move for entry of default against Kenneth Saitta, Amica (an insurance company), Progressive American Insurance Company, and any other person who failed to timely file a claim in this action.[1] Doc. 40. The law on limitation-of-liability actions is in the order entered on April 22, 2020. Doc. 22.

  The plaintiffs seek exoneration from, or limitation of, liability to others for damages relating to an August 11, 2019, fire on their vessel, the M/Y C Salt (hull ID number CDRP0033I192) while docked at a marina in Marineland, Florida. Doc. 1. In October 2019, Saitta (through someone on his behalf) demanded damages from the plaintiffs for the damage to his vessel. Doc. 1 ¶ 11. The plaintiffs filed this action in January 2020. Doc. 1.

---

  [1]"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, … the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

In April 2020, the Court granted a motion by the plaintiffs to approve security for the vessel and a "Notice to Claimants." Doc. 22 at 4. The notice states:

> NOTICE IS HEREBY GIVEN that the plaintiffs, Charles E. Collier and Charles E. Collier, Jr., as owners of the M/Y C SALT, a 33 ft Carver aft cabin motor yacht with Hull ID Number CDRP0033I192 ("the vessel"), have filed a complaint under 46 U.S.C. §§ 30501–30512, in the U.S. District Court for the Middle District of Florida, Case No. 3:20-cv-119. In the complaint, they assert the right to exoneration from, or limitation of, liability for any claim resulting from personal injury, property damage, or other loss occurring on or about August 11, 2019, when the vessel was involved in a fire while docked at the Marineland City Marina, as more fully described in the complaint. Anyone with such a claim must, by **June 16, 2020**, file the claim with the Clerk of Court, U.S. District Court for the Middle District of Florida, Jacksonville Division, Bryan Simpson U.S. Courthouse, 300 N. Hogan St., Jacksonville, FL 32202, and serve a copy on the plaintiffs' attorney, Eric Thiel, Esquire, Banker Lopez Gassler P.A., 501 E. Kennedy Blvd, Ste. 1700, Tampa, FL 33602. Anyone wanting to contest the complaint allegations also must file an answer to the complaint with the Clerk of Court and serve a copy on the plaintiffs' attorney. **FAILURE TO FILE A CLAIM OR ANSWER BY JUNE 16, 2020, MAY RESULT IN THE WAIVER OF A RIGHT TO FILE A CLAIM OR ANSWER.**

Doc. 23.

The Court directed the plaintiffs to:

> (a) publish the separately entered "Notice to Claimants" in a newspaper of general circulation in both St. Johns and Flagler Counties once a week for four consecutive weeks before May 15, 2020; (b) provide the Court with proof of publication in accordance with Local Rule 7.06(b); and (c) mail a copy of the "Notice to Claimants" to all known claimants by the second date of publication.

Doc. 22 at 4.

In May and June 2020, the plaintiffs filed two affidavits by newspaper employees and notices explaining the plaintiffs had timely published the "Notice to Claimants" once a week for four consecutive weeks in the St. Augustine Record in St. Johns County and the Flagler/Palm Coast News Tribune in Flagler County. Docs. 25–25-1, 30–30-1. The plaintiffs also filed a notice stating they had mailed the complaint, the "Notice to Claimants," and the order approving the security to Town of Marineland Marina, Salty Marine Services,[2] Robert Livingston, Saitta, Amica, and Progressive. Doc. 26.

On June 16, 2020, Livingston and "Town of Marineland" (a municipal corporation) filed answers and claims. Docs. 28, 29. No one else has filed a claim, and the time to do so has passed. The plaintiffs since have settled any claim with Livingston and the town. Docs. 42–45.

The plaintiffs have complied with notice requirements. The Court **grants** the motion, Doc. 22, and directs the Clerk of Court to enter defaults against Kenneth Saitta, Amica, Progressive American Insurance Company, and anyone else **except** Robert Livingston and Town of Marineland for any claim for personal injury, property damage, or other loss resulting from the August 11, 2019, fire on the M/Y C Salt  (hull ID number CDRP0033I192) in

---

[2] Salty Marine Services, Inc., towed the plaintiffs' boat and refused to return it over a payment dispute, and the plaintiffs filed a separate action for possession of the boat. Doc. 1 ¶¶ 3, 15–17; *see* 3:20-cv-132-J-39PDB (related action). In April 2020, the plaintiffs and Salty Marine Services settled that action. 3:20-cv-132 (Docs. 36, 37).

Marineland, Florida.

    **Ordered** in Jacksonville, Florida, on January 11, 2021.

                                        PATRICIA D. BARKSDALE
                                        *United States Magistrate Judge*

c:      Kenneth Saitta
        350 Garden Lane
        Atlantic Beach, FL 32233

        Amica
        Claims Processing
        P.O. Box 9690
        Providence, RI 02940

        Progressive American Insurance Co.
        Attn: Julie Lopez
        4119 Foxworth Road
        Riverview, FL 33578